UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James S. Strickland, # 271958, *aka James Steven Strickland*, | ) ) ) | C/A No. 4:12-278-JFA-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Shelly Superor, of Comm Dpt; Dr. Moore; Nurse Shelly; Dr. Babb; Dr. Alewine; Lieber CI, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, James Strickland (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Kirkland Reception and Evaluation Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as Defendants.[2] The complaint should be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. §

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff is before this Court once again, repeating the allegations he made in *Strickland v. Alewine, et. al*, Civil Action (C/A) No. 4:08-cv-2332-GRA (D.S.C.), and in *Strickland v. Cox, et al.*, C/A No. 4:10-1221-JFA-TER (D.S.C.). Again, Plaintiff recounts the details of his stay at Lieber Correctional Institution, where he was locked in a cell for months, was fed sandwiches three times per day, and had no showers. Plaintiff repeats that he caught a staph infection during that time, and talks about the nerve damage to his right leg. Plaintiff blames Defendants Alewine and Babb, both doctors employed by SCDC, for his lack of medical care. Plaintiff again names other Defendants in addition to Alewine and Babb, but his pleadings contain no specific allegations against any of them, other than a general complaint that "[t]he nurses don't know there [sic] jobs," and act like correctional officers rather than nurses. (ECF No. 1, at 3.)

Discussion

The complaint in the instant action concerns the same facts involved in Plaintiff's previous civil actions, cited above. This Court takes judicial notice of these cases, as a district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'") (citation omitted).

In both C/A No. 4:08-2332-GRA and C/A No. 4:10-1221-JFA-TER, Plaintiff complained of deliberate indifference to his medical needs and allegedly unconstitutional conditions of confinement at Lieber Correctional Institution. In C/A No. 4:08-2332-GRA, Plaintiff made allegations of being placed in the "Ashley dorm," where he was served sandwiches three times a day, denied showers, denied medical care, and forced to sleep on a concrete floor for approximately two and a half months. (*Id.*, ECF No. 3, at 3,4). He also discussed nerve damage to his right leg (*id.*, ECF No. 3, at 3), and an infection on his face, which Defendants allegedly failed to properly treat (*id.*, ECF No. 19, at 8, 19).

In C/A No. 4:10-1221-JFA-TER, Plaintiff said again that he was placed in Ashley "unit," fed sandwiches three times per day, and denied showers and health care, and acquired a staph infection. (*Id.*, ECF No. 1, at 4.) Plaintiff complained that he had nerve damage in his right leg which was worsened by sleeping on a concrete floor. Plaintiff contended that both Alewine and Babb were negligent and indifferent to his medical needs. (*Id.*, ECF No. 1, at 4-5.) In both cases, although Plaintiff named defendants other than Alewine and Babb, he set forth no factual information about them.

In C/A No. 4:08-2332-GRA, Defendants responded to Plaintiff's allegations, requesting that summary judgment be granted in their favor and that the case be dismissed with prejudice. (*Id.*, ECF Nos. 124, 159). The Court granted summary judgment for Defendants on March 4, 2010. (C/A No. 4:08-2332-GRA, ECF Nos. 235, 236). Plaintiff filed a notice of appeal (*id.*, ECF No. 239), but on April 26, 2010, an Order and Mandate of the United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal pursuant to Federal Rules of Appellate Procedure Rule 42(b) (*id.*, ECF No. 243). In C/A No. 4:10-1221-JFA-TER, the Court summarily dismissed the complaint without

4

prejudice and without issuance of service of process, finding that Plaintiff's claims were barred by the doctrine of *res judicata*. (*Id.*, ECF No. 15.[3])

As with C/A No. 4:10-1221-JFA-TER, Plaintiff's current complaint, alleging claims of unconstitutional prison conditions and deliberate indifference to medical needs, attempts to re-litigate matters addressed in C/A No. 4:08-2332-GRA. Therefore, this duplicate § 1983 complaint is barred by the doctrine of *res judicata* and should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

"'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" *Martin v. Am. Bancorp. Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)). Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors v. Eastern Auto Distributors*, 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)); *see also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

---

[3] The Court's order can also be found at *Strickland v. Cox*, C/A No. 4:10-1221-JFA-TER, 2010 WL 3842760 (D.S.C. Sept. 28, 2010).

In the instant action, the three elements of *res judicata* are clearly present. First, a final judgment has been entered on the merits of Plaintiff's prior civil action, C/A No. 4:08-2332-GRA. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of res judicata ). Second, the allegations contained in the instant complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in C/A No. 4:08-2332-GRA. Finally, the two Defendants against which Plaintiff made specific allegations (Defendants Alewine and Babb) are the same in both the instant action and in C/A No. 4:08-2332-GRA.

Additionally, as to the other defendants named, the complaint contains no specific allegations against them to assert a valid claim under §1983. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990)(dismissal proper were there were no allegations against defendants).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case ***with*** prejudice and without issuance and service of process.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 7, 2012
Florence, South Carolina